UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLES G. HICKMAN, § § Plaintiff § § vs. § § CONSTANTIN GROSU, § § Defendant § | § CIVIL ACTION NO. 5:21-cv-801 § § "Diversity" / Jury Demanded |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHARLES G. HICKMAN, hereinafter styled "Plaintiff," complaining of CONSTANTIN GROSU, hereinafter identified as "Defendant," and makes and files this his Original Complaint. For cause of action, Plaintiff would respectfully show unto the Court as follows:

## I. PARTIES

**A.** Plaintiff-CHARLES G. HICKMAN is an individual who was a citizen and resident of Spring Branch, Texas at all times material to this cause.

**B.** Defendant-CONSTANTIN GROSU is an individual who resided in Alaska at all times material to this cause. Because this action arises out of a collision in which a nonresident or agent of a nonresident was involved, service upon Defendant may be made pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§17.061, *et seq.*, by service upon the <u>Chairman of the Texas Transportation Commission: J. Bruce Bugg, Jr., TEXAS TRANSPORTATION COMMISSION, 125 E. 11th Street, Austin, Texas 78701-2483</u>, to be forwarded by Chairman Bugg to Defendant by certified

1

mail, return receipt requested at his last-known residence: Constantin Grosu, 1902 W. 47th #1, Anchorage, AK 99517.

## II. JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a)(1), because the Plaintiff and Defendant are citizens of different states/countries and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## III. VENUE

**A.** At all times material to this cause, Plaintiff was a citizen and resident of Spring Branch, Texas, which city is located within the San Antonio Division of the United States District Court for the Western District of Texas.

**B.** As is seen hereinbelow, the incident made the basis of this lawsuit occurred in Comal County, Texas, which county is located within the San Antonio Division of the United States District Court for the Western District of Texas.

**C.** Defendant was a citizen and resident of the State of Alaska at all times material to this cause.

**D.** As a consequence, as between the parties to this litigation and pursuant to 28 U.S.C. §1391, venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas.

## IV. OPERATIVE FACTS

**A.** On or about July 25, 2020, at approximately 1:55 p.m., Plaintiff was lawfully and properly stopped on the inside shoulder of northbound IH-35 in rural Comal County, Texas, incident to his duties as a licensed deputy with the Comal County Sheriff's Department. As Plaintiff conducted

a welfare check (i.e., of a stranded motorist broken down on the inside shoulder of IH-35 South and, thus, just on the other side of the concrete "Jersey barrier" separating the northbound and southbound lanes of IH-35), and notwithstanding the fact that Plaintiff's emergency lights were engaged and providing a reasonable warning of his presence to all attentive drivers, Plaintiff was suddenly and violently struck from behind by a 2009 Chevrolet Suburban being then driven by Defendant, while he was towing a trailer carrying another vehicle.

**B.**     Plaintiff neither caused nor contributed to the collision made the basis of this lawsuit.

**C.**     As a result of the collision, Plaintiff sustained the injuries and damages described hereinunder.

## V. CAUSE(S) OF ACTION

**A.**     **Negligence / Negligence *Per Se***

**1.**     The collision made the basis of this suit and the resulting injuries and damages suffered by Plaintiff were proximately caused by the negligent and negligent *per se* conduct of Defendant in one or more of the following respects:

> (a) Failing to drive in accordance with Texas Transportation Code §545.147, to wit;
>
> **Sec. 545.157. PASSING CERTAIN VEHICLES.**
>
> *(a) This section applies only to the following vehicles:*
>
> > *(1) a stationary authorized emergency vehicle using visual signals that meet the requirements of Sections 547.305 and 547.702;*
> >
> > *(2) a stationary tow truck using equipment authorized by Section 547.305(d); and*
> >
> > *(3) a Texas Department of Transportation vehicle not separated from the roadway by a traffic control channelizing device and using visual signals that comply with the standards and specifications adopted under Section 547.105.*

> *(b) On approaching a vehicle described by Subsection (a), an operator, unless otherwise directed by a police officer, shall:*
>
> > *(1) vacate the lane closest to the vehicle when driving on a highway with two or more lanes traveling in the direction of the vehicle; or*
> >
> > *(2) slow to a speed not to exceed: (A) 20 miles per hour less than the posted speed limit when the posted speed limit is 25 miles per hour or more; or (B) five miles per hour when the posted speed limit is less than 25 miles per hour.*

(b) Failing to keep a proper look out or such look out as a person of ordinary prudence would have maintained under the same or similar circumstances;

(c) Failing to sufficiently or properly control his vehicle as a person of ordinary prudence would have done under the same or similar circumstances;

(d) Failing to operate his vehicle at such a speed, and in such a manner, as a person of ordinary prudence under the same or similar circumstances;

(e) Failing to drive within a single lane;

(f) Failing to yield the right-of-way to Plaintiff; and,

(g) Failing to take timely and appropriate evasive action to avoid the collision in question.

Each of the above and foregoing acts and/or omissions of Defendant, taken singularly or in combination, constitutes legal negligence.

3.  Thus, under the common and statutory law of the State of Texas, Defendant's negligence and/or negligence *per se* proximately caused the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

4.  Plaintiff neither caused nor contributed to the collision in question.

## VI. DAMAGES

**A.** By reason of the foregoing, Plaintiff has sustained painful and permanent injuries to his mind and body.

**B.** As a result of the Defendant's conduct, as alleged, Plaintiff seeks to recover those damages provided by law, which include, but are not limited to, the reasonable and necessary medical expenses incurred by him to date; the reasonable and necessary medical expenses to be incurred by him in the future; physical pain and suffering that he has experienced in the past and will, in all reasonable probability, experience in the future; mental anguish that he has experienced in the past and will, in all reasonable probability, experience in the future; physical disfigurement; loss of earnings in the past; loss of wage earning capacity in the future; loss of physical capacity other than wage earning capacity; loss of life's enjoyments; and any and all other damages to which he may be entitled.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendant in the form and manner prescribed by law, requiring Defendant to appear and answer herein, and that, upon final hearing hereon, Plaintiff have

1. Judgment against Defendant, for actual damages;
2. Pre-judgment interest, at the legal rate;
3. Post-judgment interest, at the legal rate;
4. Costs of Court;
5. Costs of Suit; and

6. All such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BRUNKENHOEFER, P.C.
500 N. Shoreline Blvd., Suite 1100
Corpus Christi, Texas 78401-0354
Tel: (361) 888-8808
Fax: (361) 888-5855

s/ Blake Brunkenhoefer
Blake Brunkenhoefer
(bbrunk@brunklaw.com)
State Bar No. 00783739
**E-service address:** efile@brunklaw.com**\***
***E-service is only accepted at the above-designated e-service email address.***